IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N. C.

APR 19 2006

U.S. DISTRICT COURT
W. DIST. OF N. C.

| | | |
|---|---|---|
| JAMIE R. BANKS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 1:05CV347 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C.§405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the case will be assigned to an ALJ who will be instructed to reconsider the severity of Plaintiff's impairments in light of the medical source opinion evidence of record. The ALJ will provide a rationale explaining the weight assigned these opinions. The ALJ will also reconsider the credibility of Plaintiff's subjective complaints and provide a rationale with respect to the criteria set forth in Social Security Ruling 96-7p in support of the conclusions reached.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)

with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

This the 18th day of April, 2006.

LACY H. THORNBURG
UNITED STATES DISTRICT JUDGE